UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM F. COLLINS, III, | ) |
| | ) No. 10 CV 8067 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) May 23, 2012 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On December 16, 2011, this court reversed the Commissioner's decision denying Plaintiff William F. Collins III's application for disability insurance benefits ("DIB") under the Social Security Act ("Act") and remanded his case to an administrative law judge ("ALJ") for further consideration. Collins now seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for the prosecution of his appeal before this court and for the preparation of his fee petition. For the following reasons, Collins's fee application is denied:

**Background**

In July 2007, Collins applied for DIB alleging that he was disabled by anxiety, panic disorder, and obesity as of April 2006. (Administrative Record ("A.R.") 168, 238.) The Commissioner denied his claims initially and on reconsideration. (Id. at 70-80.) Collins then requested, and was granted, a hearing before an ALJ. (Id. at 81-82.) After a hearing, the ALJ concluded that Collins had two severe impairments—obesity and an anxiety related

disorder—but was not disabled as defined by the Act, and thus the ALJ denied his application for DIB. (Id. at 19-29.) When the Appeals Council denied review, (id. at 6-8), the ALJ's decision became the final decision of the Commissioner. *See Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). Collins then sought judicial review of the ALJ's decision and the parties consented to the jurisdiction of this court. *See* 28 U.S.C. § 636(c). In granting summary judgment in favor of Collins, this court determined that the ALJ made a reversible error in assessing Collins's credibility.

**Analysis**

Collins argues that he is the prevailing party by virtue of the remand pursuant to sentence four of 42 U.S.C. § 405(g), and asserts that he is therefore entitled under EAJA to fees for 45.4 hours of work and $362.30 in costs, totaling $7,540.80. (R. 43, App. at 6.) This court may award fees under EAJA if the following elements are satisfied: "(1) the claimant is a 'prevailing party'; (2) the government was not substantially justified; (3) no 'special circumstances make an award unjust'; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *Golembiewski v. Barnhart*, 382 F.3d 721, 723-724 (7th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner contends that the court should deny Collins's application because he failed to timely submit his application. The court agrees.

EAJA specifies that a party seeking attorney's fees must submit his or her application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B)

("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . ."). To determine whether Collins timely filed his fee application, the court must first determine when final judgment was entered in this case. According to the record, this court entered an order pursuant to 42 U.S.C. § 405(g) reversing the Commissioner's decision and remanding the case for further proceedings on December 16, 2011. (R. 42.) That order was premised on the ALJ's failure to consider salient evidence of Collins's agoraphobia, including his panic attacks triggered by visits to the doctor, his nearly entirely home-bound, asocial existence, and the panic attacks that he suffers during his trips to the grocery store, which are his only outings. (R. 18 at 16-19.) Because the remand order was based on the ALJ's failure to consider existing evidence, as opposed to new evidence that was not before the ALJ, this court's remand order was a "sentence four" remand pursuant to § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993) ("the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)"); *see also O'Connor v. Shalala*, 23 F.3d 1232 (1994) (holding that a remand based upon new evidence is a sentence-six remand while a remand based upon an insufficient review of existing evidence is a sentence-four remand).

"In sentence four cases, the filing period begins after the final judgment (affirming, modifying, or reversing) is entered by the court and the appeal period has run, so that

3

judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (internal quotations omitted). This court entered its sentence-four remand order and judgment on December 16, 2011. (R. 40-42.) As such, the parties had sixty days, or until February 14, 2012, to appeal the decision. *See* Fed. R. App. 4(a)(1)(B). Because neither party appealed this court's decision, the December 16, 2011 judgment became final on February 14, 2012.

"An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended." *Schaefer*, 509 U.S. at 302 (citing 42 U.S.C. §§ 2412 (d)(1)(B), (d)(2)(G)). Thus Collins had until March 15, 2012, to file his EAJA petition. However, Collins did not file his petition until March 19, 2012, (R. 43), four days after the deadline.[1] Accordingly, Collins's application for attorney's fees and costs is denied as untimely.

## Conclusion

Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is denied.

ENTER:

Young B. Kim
United States Magistrate Judge

---

[1] Collins, by failing to file a reply brief in support of his application for fees and costs, chose not to address the government's timeliness argument.